**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant,**

v.

**CUMBERLAND PRODUCTION CREDIT ASSOCIATION, Appellee.**

Court of Appeals of Kentucky.

May 27, 1977.

William S. Riley, Asst. Atty. Gen., William P. Sturm, Atty., Legal Staff, Dept. of Revenue, Frankfort, for appellant.

John T. Mandt, Mandt & McEnroe, Somerset, for appellee.

Before HOWERTON, COOPER and REYNOLDS, JJ.

HOWERTON, Judge.

The County Court Clerk of Pulaski County, Kentucky, has collected the sum of $1.00 each time Appellee, Cumberland Production Credit Association, has recorded a mortgage in the Clerk's Office. The tax has been collected under the authority of KRS 142.-010(1)(d) which provides for:

A tax of one dollar ($1.00) on each power of attorney to convey real estate or personal property; on each mortgage, financing statement, security agreement or conveyance of real or personal property, and on each lien or conveyance of coal, oil, gas or other mineral right or privilege; except that no tax shall be paid on any chattel mortgage, financing statement or security agreement unless the amount thereof exceeds two hundred dollars ($200); . . ..

Cumberland Production Credit Association claims to be exempt from this tax under the provisions of KRS 136.300 which provides as follows:

(1) By July 1, succeeding the filing of the report provided for in KRS 136.290, each domestic savings and loan association and each production credit association shall pay directly into the State Treasury a tax of $1 for each $1,000 paid in on its capital stock as fixed in KRS 136.290. The individual shareholders shall not be required to list their shares for taxation for any purpose. The association shall not be required to pay local taxes on its capital stock, surplus, undivided profit, notes, mortgages or other credits and the tax provided by this section shall be in lieu of all taxes for state purposes on property of the association. Failure to make reports and pay taxes as provided in this section and in KRS 136.-290 shall subject the association or bank for cooperatives to the same penalties imposed for such failure on the part of the other corporations. . . .

The trial court found that KRS 136.300(1) did exempt the Plaintiff/Appellee from payment of the one dollar tax on its mortgages as provided for in KRS 142.010(1)(d). The Commonwealth prosecutes this appeal.

Clearly, the tax levied in KRS 136.300 is to take the place of all other state taxes on property. Thus, if the tax in KRS 142.-010(1)(d) is a tax on property, the credit association would not be liable for the tax. The question, therefore, is whether or not the one dollar tax is a tax on property.

KRS Chapter 142 deals with "Miscellaneous Taxes". A separate chapter outlines "property taxes" which are taxes assessed on the fair cash value of the property involved. There was clearly no legislative

intent that the tax of KRS 142.010(1)(d) be a tax assessed on the fair cash value of the property involved. Indeed, if the "tax" was a property tax, it would be in violation of §§ 172 and 174 of the Kentucky Constitution, requiring property taxes to be paid on value. Rather, it is our interpretation that the tax in that section is an excise tax, being one imposed directly by legislature without assessment and measured by amount of business done.

We do not question the fact that a mortgage itself is property. Rather, it is our conclusion upon a reading of the statute that it is not the property aspect of the mortgage which is being taxed, but the transaction of the recording of the mortgage. KRS 142.010(2) reads in part, "The tax imposed by this section shall be due when the process or instrument is filed or issued, or copies thereof furnished."

Cumberland Production Credit Association is not exempt from the excise tax imposed by KRS 142.010(1)(d). The decision of the circuit court is reversed.

All concur.